Per Curiam.
 

 The question raised by the pleadings was upon a tender alleged to be made by Walters, the defendant below. He owed 714 pounds of cotton to M'Allister, and was to pay so much
 
 *510
 
 as he might have ready, on the 12th of March, 1814, the residue in the spring of the year.
 

 The first plea was a tender of all on the 12th of March, 1814, to the agent of the plaintiff, M‘Allister, at the cotton gin of the defendant, and
 
 a refusal.
 

 The second plea was a tender on the 12th of March, 1814, to the agent, of 400 pounds at the cotton gin of the defendant, said agent then and there having the means of transporting the same, and a refusal, and that he was ready in the spring to have paid the residue.
 

 Replication to the first plea, a demand of the cotton, on the 19th of March, 1815, and a
 
 refusal.
 
 Replication to the second plea, a demand of the 714 pounds on the 9th of March, 1817.
 

 Demurrer to both replications.
 

 A tender of all on the 12th of March, 1814, discharges from a forfeiture or penalty, or paying the 25 cents in money per pound. But still he is bound to pay the 714 pounds, and should plead, as to that, yet ready. 5 C. D. 650 ; Dy. 25 a. He ought also to make a * proffer of the goods, unless too cumbrous, and this would discharge him from the action. But perhaps if the goods being perishable, were inevitably lost after the refusal, or the value be exhausted by the expenses of keeping them, then it would not be unreasonable to discharge the defendant wholly. No opinion, however, need be given in this point, as none of these remarks are applicable to either.
 

 See
 
 Nixon
 
 v.
 
 Bulloch,
 
 9 Yer. 414;
 
 Tiernan
 
 v.
 
 Napier,
 
 Peck, 212;
 
 Miller
 
 v.
 
 McLain,
 
 10 Yer. 245;
 
 Burns
 
 v.
 
 Welch,
 
 8 Yer. 117;
 
 Hopkins
 
 v.
 
 Rogers,
 
 4 Yer. 456; King’s Digest, 9196, 11,566.